**James STANTON, Jr., Appellant,**

v.

**The STATE of Texas, State.**

No. 2–84–203–CR.

Court of Appeals of Texas,
Fort Worth.

May 11, 1988.

Keith Jones, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., and Daniel L. McBride, Asst. Dist. Atty., Amarillo, for State.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION ON REMAND

HILL, Justice.

Stanton appeals his conviction by a jury for the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. sec. 29.03 (Vernon Pamph.Supp.1988). The trial court assessed his punishment at twenty years in the Texas Department of Corrections. Upon original submission, we affirmed the conviction, finding that his arrest was legal and, therefore, his confession was not improperly admitted into evidence. The Texas Court of Criminal Appeals granted Stanton's petition for discretionary review and held that Stanton's warrantless arrest was invalid because there was no evidence that Stanton was about to escape. 743 S.W.2d 233. The cause was remanded to this court so that we could reconsider the question of the admissibility of Stanton's confession in view of his illegal arrest. In two points of error, Stanton contends that the trial court erred by admitting his confession into evidence. In the discussion under these points of error, he contends that his arrest was illegal, and that the taint of his illegal arrest was not overcome.

We reverse and remand, because we find that the taint of the illegal arrest was not overcome, so that Stanton's confession was not properly admitted into evidence.

Stanton contends in points of error numbers one and two that the trial court erred in failing to grant his motion to suppress his written confession and in admitting that confession into evidence.

Stanton was arrested at 7:40 a.m. on January 10, 1983. He was taken immediately to an interrogation room at the Amarillo Police Department, where he was questioned about the robbery which had occurred the day before at the Texas Tumbleweed restaurant in Amarillo. Stanton was warned of his rights in accordance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), at the time of his arrest and just prior to any interrogation. By around 8:25 a.m., Stanton had orally admitted his participation in the robbery and given the primary points of the story. The statement was reduced to writing and signed by Stanton at 11:31 a.m. Each page of Stanton's statement contains the *Miranda* warning, a waiver of those rights, and Stanton's signature. Stanton was allowed to use the restroom and eat a hamburger sometime between 8:23 and 11:31, while the written statement was being prepared. He was never taken before a magistrate before signing his statement.

We determined in our previous opinion that the arresting officers had probable cause to arrest Stanton because they had information from an accomplice as to Stanton's participation, and the information was corroborated by one of the victims. Since the court of criminal appeals held on consideration of Stanton's petition for discretionary review that his arrest was not authorized by TEX. CODE CRIM.PROC. ANN. art. 14.04 (Vernon 1977), because the officers had no basis for believing that he was about to escape, there is no statutory authority for Stanton's warrantless arrest.

■ The test for determining the admissibility of a confession taken after a warrantless arrest made with probable cause but without statutory authority is set forth in the case of *Beasley v. State,* 728 S.W.2d 353, 355–56 (Tex.Crim.App.1987). The test is the same as that set forth by the United States Supreme Court for determining the admissibility of a confession taken following a violation of the accused's rights under the fourth amendment to the Constitution of the United States. *See Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) and *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed. 2d 824 (1979). The four factors to be considered in making this determination are: (1) whether *Miranda* warnings were given; (2) the temporal proximity of the arrest and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct. *Beasley,* 728 S.W.2d at 355–56.

■ In considering these four factors, we first note that Stanton received *Miranda* warnings both at the time of his arrest and prior to questioning at the police department. In addition, the *Miranda* warning was at the top of each page of Stanton's statement, and Stanton signed each page of the statement. Each page of the statement also contained a waiver of the rights contained in the *Miranda* warning. Repeated warnings alone, however, are not enough to purge the taint of an otherwise illegal arrest. *Bell v. State,* 724 S.W.2d 780, 788 (Tex.Crim.App.1986).

■ In considering factors two and three, we note that Stanton had orally given police the basic points of his confession within just a few minutes of interrogation. The statement was given, reduced to writing, and signed by Stanton within less than four hours from the time of his arrest. He was not taken before a magistrate during that time. The only intervening circumstances were a trip to the restroom and a hamburger break when hamburgers were brought to the interrogation room.

The final factor for consideration is the purpose and flagrancy of the official misconduct. Just as in *Beasley,* the arrest of Stanton was not as flagrant as an arrest without probable cause. *Beasley,* 728 S.W. 2d at 356.

Since the facts in this case, and therefore the analysis of this issue, almost exactly coincide with the facts and analysis in *Beasley,* we conclude, as did the court in *Beasley,* that the trial court erred in admitting Stanton's confession into evidence because the taint of the illegal arrest was not overcome. *See id.*

The State has presented us with no authority on the issue of the attenuation of the taint. In our research, we discovered the case of *Self v. State,* 709 S.W.2d 662 (Tex.Crim.App.1986). Under facts similar to the facts in this case and in *Beasley,* the Texas Court of Criminal Appeals balanced basically the same considerations but reached the opposite conclusion, holding that the trial court in that case did not err in admitting the confession. The court appeared to be saying that the taint of the unlawful arrest should be attenuated where *Miranda* warnings are given and where the action of the police was not flagrant misconduct and was based on probable cause.

Subsequent to *Self,* in considering a similar confession in which the facts as related to the factors for consideration were basically the same, the court of criminal appeals held that "[a]n otherwise inadmissible confession ... should not be made admissible simply because the police conduct was not too reprehensible. To so hold would blatantly subject the protection of fundamental rights to the vagaries of the collective (elected) conscience of this Court." *Bell,* 724 S.W.2d at 790–91. The author of that opinion had been a dissenting judge in *Self.* In *Beasley,* the court, in holding that the trial judge had erred in admitting the confession, asks us to compare *Self* and *Bell.*

Having compared the two, we find no significant difference in the factors and their analysis, only in the conclusion reached. There is no explanation in either *Bell* or *Beasley* as to why the conclusion reached is the opposite of that reached in *Self* even though the facts as they relate to the factors of consideration are basically the same. In all three cases, *Miranda* warnings were given, there was not much time between the arrest and the giving of the confession, there were no significant intervening circumstances, and the conduct of the law enforcement authorities, which in each instance was based on probable cause, was found by the court not to be particularly flagrant. The only conclusion which we can reach is that the court has changed its mind and that *Self* has been overruled by implication. We therefore base our decision on the principles announced in the more recent cases of *Bell* and *Beasley.* We sustain points of error numbers one and two.

We reverse and remand.